**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| NICHOLAS FUGEDI, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:19–CV–00249 |
| | § | |
| UNITED RENTALS (NORTH | § | |
| AMERICA) INC., ET AL., | § | |
| | § | |
| Defendants. | § | |

**ORDER**

I issued a Final Judgment in this case on April 16, 2021. On May 4, 2021, Plaintiff filed a Notice of Appeal. On May 17, 2021, 13 days after filing the Notice of Appeal, Plaintiff filed a Brief in Support of Objections and Arguments Made at the April 9th 2021 Hearing. Dkt. 113. In this brief, Plaintiff seeks to supplement the record with additional legal and factual arguments purportedly demonstrating errors that I made in the Final Judgment. It is not clear to me why Plaintiff filed a brief with me after the case had already been appealed to the Fifth Circuit. To the extent Plaintiff asks me to reconsider certain aspects of my earlier ruling dismissing this case. I cannot do as Plaintiff has asked. I no longer have jurisdiction to alter my ruling because this case has already passed to the Fifth Circuit.

"Jurisdiction is power to act, and it is essential to have clear rules that define who, if anyone, possesses this power." *Kusay v. United States*, 62 F.3d 192, 194 (7th Cir. 1995) (cleaned up). "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58, 103 (1982). "[A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously." *Id.* "When one aspect of a case is before

the appellate court . . ., the district court is divested of jurisdiction over that aspect of the case. District courts lack power to alter the status of a case as it rests before the Court of Appeals." *Wooten v. Roach*, 964 F.3d 395, 403 (5th Cir. 2020) (cleaned up). *See also Winchester v. U.S. Att'y for the S. Dist. of Tex.*, 68 F.3d 947, 948 (5th Cir. 1996) (Once a notice of appeal is filed, the district court "loses all jurisdiction over matters brought" on appeal.).

In sum, as required by well-established precedent, I will not exercise jurisdiction over the matters at issue until the Fifth Circuit has ruled upon them.

SIGNED this 22nd day of June 2021.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE