**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| **NICHOLAS FUGEDI IN HIS** | § | |
| **CAPACITY AS TRUSTEE** | § | |
| **CARB PURA VIDA TRUST** | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | **CIVIL ACTION NO. 3:19-cv-00249** |
| | § | |
| **UNITED RENTALS (NORTH** | § | |
| **AMERICA) INC., ET AL.** | § | |
| Defendants | § | **JURY REQUESTED** |

**STEADFAST PARTIES' MOTION TO DISMISS FUGEDI'S CLAIMS AND
DEFENSES FOR LACK OF JURISDICTION AND STANDING**

**TO THE HONORABLE UNITED STATED DISTRICT JUDGE:**

The Steadfast Parties file this Motion to Dismiss Fugedi's Claims and Defenses for

lack of standing and jurisdiction, and in support of thereof, respectfully show the following:

**I.
INTRODUCTION**

1. Fugedi and Counsel used fraudulent evidence, perjured testimony, and frivolous

arguments to turn this Court into the actual vehicle for their fraud. The Carb Pura Vida

Trust was never formed. Plaintiff and the trust never paid a cent to repay Steadfast's valid

prior lien, and never paid a cent for the deed or the Property. Fugedi is not a trustee. He

has no real or justiciable interest in this controversy, and he was just bribed to participate

as a sham in order to fabricate diversity, use this Court as a vehicle to cloud title and avoid

judgment, and prevent the Steadfast Parties from receiving the benefits of their loan,

collateral and their state court judgment against 2017 Yale.

1

2. Proof that Fugedi and the Carb Pura Vida Trust are not a real parties in interest needs little more introduction than his handlers' own words[1]:

Choudhri: *"… I didn't agree to even transfer the interest that you told me to transfer to the f\*\*king trust, I thought that was a stupid idea, in the middle of trial, transfer the property."* Exhibit B(A) 7:20. B(a) Pg. 12.

Choudhri: *"I thought we were moving it to protect it and it would be deeded back."* Exhibit B(B)11:18 Pg. 20, Ln 5-14.

Kelley: *"we moved it so that [Steadfast] couldn't get it."* Exhibit B(B)11:18 Pg. 20, Ln 11-14.

Choudhri: *"how is the trust, the pura vida or whatever it is, gonna deed the property back to me?"* Exhibit B(B)11:18 Pg. 19.

Kelley: *"it's not…"* Id.

Choudhri: *"2017 Yale went to you, Lloyd, and then you wanted to cancel it, and then you made me transfer – and then you had 2017 transfer it to this trust knowing that its gonna be protected."* Exhibit B(c) pg. 13-14.

Kelley: *"we moved it so that [Steadfast] couldn't get it."* Exhibit B(B) 11:18; Pg. 19-20.
Choudhri: *"what if we undo the transfer to the trust from 2017 Yale?"* Exhibit B(a) Pg. 17.

As Choudhri stated; "*These guys are f\*\*king crooks*." Exhibit B(c) Pg. 31; and as

Kelley said; *"…Ali thinks he's so slick he can f\*\*k everybody*." Exhibit B(a) Pg. 36.[2]

---

[1] *See* certified transcripts, Supplemental Exhibits B(a-c) to the audio, and Appendix attached as Exhibits B(a-c); Declaration of Wyatt, Exhibit B.; Secret Kelley Assignment, Exhibit A; Pabeshan Certificate proving Kelley's ownership, Exhibit 106. This evidence was not discovered until 2021 after all of the trials, due to fraud, discovery abuse, and spoliation by conspirators and Counsel. The tapes were recorded in January of 2020, right as these lawyers and parties were arguing summary judgments in this Court on behalf of their bribed stooge, Fugedi. Excerpts can be played via the Thumb Drive attached or the following link:

https://www.dropbox.com/s/phdlxugc4kku5oi/Motion%20to%20Appoint%20Receiver%2C%20Dismiss%20249.ppsx?dl=0
this link contains the PowerPoint, which when downloaded should play the audio and video files.

[2] These tapes have already been admitted into this case without objection as to their authenticity or admissibility, all of which is clearly and irrefutably proven up by the Memorandum of law and Declaration of Chris Wyatt. Though the Memorandum is already of record herein and included in the Exhibit List, Steadfast will file the Memorandum separately for additional clarity.

3. This trust doesn't exist. Fugedi has nothing to do with this Property or suit, and never will be able to cure this fundamental fraud. This Motion is filed incorporating all evidence, summaries, and arguments contained in Steadfast's Motion for Protective Order and Objection and Response to Plaintiff's Motion for Possession, Motion to Expunge Lis Pendens, Steadfast's Motion for Substitution, Motion to Dismiss for Fraud on this Court, and Steadfast's filed F.R.E. 1006 Timeline (Exhibit 235) and Audio (Exhibit 234) Summaries. All Exhibits by the Steadfast Parties shall be numbered by the Master Exhibit List (Exhibit 236). Steadfast 829 Holdings, Inc. hereby joins this and all other Motions pending its substitution or joinder as a party.

> "*Neither the Carb Pura Vida Trust nor 2017 Yale ever paid anything for the property or to Steadfast*" "*Kelley and Fraga, told me they had devised a stratagem … to prevent Steadfast from being able to foreclose on the Property.*" Exhibit G; *See also* Sherrin Declaration (Exhibit 170); *See also* Exhibit 35, 35c. 102 starting page 78.[3] *See also* Exhibits 55, 109, 110; *see also* 92, 88, 89.

4. This Motion is filed in conjunction with the Motion under the Court's inherent powers under *NASCO, Inc. v. Calcasieu Television and Radio*, 894 F.2d 696, 708 (5th Cir.1990), and this dismissal must be with prejudice or this criminal enterprise will continue to further obstruct justice and title in the Property. Further, Plaintiff is a fraud and clearly can never cure or acquire standing, and therefore this dismissal pursuant to lack of standing and jurisdiction must be with prejudice as well. "A dismissal with prejudice for lack of standing is appropriate, especially where 'it [is] plainly unlikely that the plaintiff

---

[3] The only payment was Kelley's bribe to Alvarez to get him to sign the fraudulent, ineffective release. Exhibit G. The fake illusory note was never signed. Exhibit 86(a), (d), (g), G. The fake trust agreement was never signed, though the fraudulent lien release and the fraudulent transfer deed were recorded. *Id*. There was no fully formed real trust, no consideration, and no closing on July 22, 2019, the date of the deed. *Id*; Exhibit G, 86(r). There was never any consideration for the transfer to Fugedi. *Id*; Exhibit 102 (ROA.3227); *see also* Exhibit 35 at pgs. 34, 206.

[will be] able to cure the standing problem.'" *Id*; *Fieldturf, Inc. v. Sw. Recreational Indus., Inc.*, 357 F.3d 1266, 1269 (9th. Cir. 2004)*; Bates v. U.S. Small Bus. Admin.*, 2005 WL 139109, at *1 (N.D. Tex.2005) (Godbey, J.) (citing *Baton Rouge Building and Construction Trades Council AFL-CIO v. Jacobs Constructors*, 804 F.2d 879, 881, 884 (5th Cir. 1986); *Raniere v. Microsoft Corp.*, No. 3:15-CV-0540-M, 2016 WL 4626584, at 5 (N.D. Tex. Sept. 2, 2016), aff'd, 887 F.3d 1298 (5th Cir. 2018).

5.      Steadfast has suffered mightily from Fugedi's abuse of the judicial process, as has the public in Harris County and the Southern District.  This Court is empowered to and should immediately rectify this wrong.

6.      Standing and jurisdiction may be raised at any time, or *sua sponte* by the Court. Standing is a component of subject matter jurisdiction, and subject matter jurisdiction may be raised at any time.  *HSBC Bank USA, N.A. as Tr. for Merrill Lynch Mortg. Loan v. Crum*, 907 F.3d 199, 202 (5th Cir. 2018).

**II.**
**A SHAM TRUSTEE IS NOT A PARTY FOR DIVERSITY, OR OTHER JURISDICTIONAL PURPOSES**

7.      Fugedi's entire frivolous case is founded on fraudulent evidence and perjury, and the pretense the Fugedi is a trustee of a trust with an interest in this Property.  "The Court must take measures against unethical conduct in any proceeding before it."  *In re ProEducation Int'l*, 587 F.3d 299 (5th Cir. 2009); *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1118–19, (1st Cir. 1989). In considering a challenge to subject matter jurisdiction, the district court is "free to weigh the evidence and resolve factual disputes in order to satisfy

itself that it has the power to hear the case." *Id*. When the court's subject matter jurisdiction is challenged, the party asserting jurisdiction bears the burden of establishing it. *See Castro v. United States*, 560 F.3d 381, 386 (5th Cir.2009). "[T]he party invoking federal jurisdiction bears the burden of establishing its existence." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 104, (1998).

8.      Even aside from the two whistleblowers proving that the whole trust, and this entire lawsuit, was nothing but a fraud concocted by Choudhri and Kelley for their own benefit, Fugedi would have still failed to prove standing or jurisdiction even if he had been a legitimate party.  Even absent any whistleblower evidence, Fugedi failed to present any summary judgment evidence that "the Carb Pura Vida Trust" was "in existence" on July 22, 2019, at the time of the grant (or ever), or that Fugedi was the Trustee at that time. Fugedi also failed to submit any evidence that he as Trustee had the power to accept real property under the terms of the fake Trust (no trust agreement was ever signed or produced, *see also* Exhibit G); or had any obligations or authority as Trustee; or that any beneficiary existed, or the identification of any beneficiary.  Fugedi failed to present any evidence that any consideration was given for the deed, or that any Trust agreement exists, or the existence or identity of any settlor, nor any Trust agreement signed by such settlor, as is all required to meet his burden of proof;  the lack of any of which is fatal to Fugedi's case and standing.  ROA.1730 at 1732/Docket No. 52.   Fugedi never met his burden, and further, it is now proven by two separate whistleblowers that the entire trust was nothing but a scam for Kelley and Choudhri.  Exhibits A, B(a-c), G, 86(a-v).

***Trusts are subject to the Statute of Frauds, and do not exist without a signed Trust Agreement, which Fugedi never produced, and the whistleblowers proved never existed.***

9.      "Fundamentally there can be no trust in real property without a separation of the legal title from the beneficial interest, or equitable title." *McCamey v. Hollister Oil Co.*, 241 S.W. 689 (Tex.Civ.App.—Fort Worth 1922, affirmed 274 S.W. 562(1925)).  Fugedi (or really Kelley)'s Trust is subject to the Statute of Frauds, as are all Trusts, and cannot exist at all without evidence of its written terms.  TEX.PROP.CODE §112.004 ("A trust in either real or personal property is enforceable only if there is written evidence of the trust's terms bearing the signature of the settlor*....").  Wheeler v. Haralson*, 99 S.W.2d 885, 886 (Comm'n App.1937); *Mills v. Gray*, 210 S.W.2d 985, 988(1948).

10.     There was no trust, there was no settlor, there was no beneficiary, there was no Trust agreement, the Trust didn't exist at the time of the grant, Fugedi was not a Trustee at the time of the grant, and the Trust agreement was never consummated, as their ploy was busted and Alvarez backed out.  Exhibits 86(a-v); G; B(a-c), 102.   Even if the trust had been formed, it's only purpose was as a vehicle for fraud.  Exhibits G, B(a-c).  Appellant never even introduced evidence that the actual deed was even delivered to him – another missing element of a valid conveyance. ROA.2242/Docket 52-3.  The undisputed evidence proves that not only was the entire Trust a sham, but that Fugedi was not even appointed as Trustee on July 22, 2019, at the time of the grant, and that the Trust was not even created to perpetrate this fraud yet at the time of the grant.  Exhibit 86a-v, G.   That timing is a requisite for standing.

***A trust without a written agreement, or formed to perpetrate fraud, does not exist at all, and such a trustee lacks standing, resulting in failure of jurisdiction.***

11. If jurisdiction is challenged, and a party fails to bring forth evidence to support jurisdiction, dismissal is proper. *Green v. Hale*, 433 F.2d 324 (5th Cir. 1970). A federal court must deny jurisdiction where grounds do not affirmatively appear in the record, by competent evidence, at the burden of the party invoking jurisdiction. *Reinhart Oil & Gas, Inc. v. Excel Directional Techs., LLC*, 463 F. Supp. 2d 1240, 1243 (D. Colo. 2006). To the contrary, it is admitted, by whistleblower evidence straight from Kelley's mouth, that Kelley is the real interested party. Exhibits G, (86(a-v), B(A-C). ROA3092, 3100/Docket 59-2/Exhibit 92. It is further admitted that neither Fugedi nor the trust ever paid a dime for the Property or the deed, or to repay the valid first lien of Steadfast. *Id*.

11. A federal court lacks jurisdiction where any party has been improperly or collusively made or joined to invoke jurisdiction. 28 U.S.C.A. §1359; *Castillo Grand, LLC v. Sheraton Operating Cor*p., 719 F.3d 120, 125 (2nd Cir.2013). The undisputed evidence is that Lloyd Kelley and Choudhri fabricated a fake trust, bribed Fugedi to be a fake trustee for their own benefit, and filed a deed and this suit based upon that false pretense for their own personal gain. Exhibits A, B(a-c). They chose him as a Michigan resident to fabricate diversity. Fugedi was not on any of these taped calls. Fraga swore in open Court that Fugedi never set foot on the Property or came to Texas. Fugedi never appeared at any trial or hearing. Fugedi never paid a dime. No one ever executed the fake trust agreement because Steadfast and the 190th busted the scam and Alvarez, a key conspirator, backed out of the scheme. *See* Fugedi's summary judgment evidence – with no evidence of the existence of a trust, no evidence of the existence or identity of a beneficiary or settlor, and

no evidence of any consideration paid.  *See also* Exhibit G.

12.     A trustee's citizenship is irrelevant where a trustee has no real power coupled with an interest.  *Bogue v. Chicago*, *B. & Q.R.Co*., 193 F. 728 (S.D. Iowa 1912); *Green*, 433 F. Supp. at 329.  There is no evidence of what powers Fugedi has.  There is no evidence of any interest in the trust.  There is no evidence a settlor vested power to accept real property. Kelley and Choudhri are Texas residents, and "Pabeshan Castle," his Texas LLC, owned and controlled the settlor, the purported sham beneficiary, and Trustee, for his own fraudulent purposes; therefore, not only is jurisdiction not founded upon Michigan citizenship, and is not diverse to the Steadfast Parties, but the trust actually merged as a matter of law and fails to confer standing on Fugedi at all – depriving the Court of jurisdiction to do anything other than dismiss with prejudice and award sanctions for fraud on the Court.  Texas Property Code §112.034; *Sagendorph v. Lutz*, 286 Mich. 103, 111(1938).

***Having never paid anything, the Trust has no standing or justiciable interest;  and a trust formed to perpetrate fraud does not exist as a matter of law.***

> "***Neither the Carb Pura Vida Trust nor 2017 Yale ever paid anything for the property or to Steadfast***" Exhibit G.  "***Kelley and Fraga, told me they had devised a stratagem … to prevent Steadfast from being able to foreclose on the Property***."). *Id*. "***Carb Pura Vida Trust, is one of Lloyd's friends***." Exhibit 86(d). "***These are the final docs Lloyd reviewed***." "***They began working together … to avoid the judgment [against 2017 Yale] … by transferring the Property to the "Carb Pura Vida Trust…and …handle the transaction from both sides***." *Id*. Whistleblower affidavit of Alvarez, Exhibit G; See also Sherrin Declaration (Exhibit 170); Exhibit 35, 35c. 102 starting page 78.; 55, 109, 110; 92, 88, 89.

13.     A trust cannot exist to perpetrate a fraud or with unclean hands. *Land v. Marshall*, 426 S.W.2d 841 (Tex.1968). TUFTA Section 24.005(a)(1),(2) voids transfers into a trust with the intent to hinder, delay or defraud creditors, or transfers that lack reasonably

equivalent value. *Rilling v. Schultze*, 95 Tex. 352, 67 S.W.2d 401 (1902). It is undisputed that the sole purpose for the fake trust and Fugedi's role was to defraud creditors with unclean hands, and "***move the Property so Ramey [Steafast] wouldn't get it***", *supra*.

14.     Fugedi is a nominal party only, whose citizenship is disregarded for diversity. *Slater v. Republic-Vanguard Ins. Co.*, 650 F.3d 1132, 1134 (8th Cir. 2011). A party is nominal if it does not have a real interest in the outcome of the litigation. *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 358 (3d Cir. 2013). Fugedi isn't a real trustee. There is no trust. He never paid anything for anything. He has no interest whatsoever.

15.     When Alvarez came forward with whistleblower evidence proving that Kelley fabricated the trust and bribed Fugedi to participate, (Exhibits G, 86(a-v), Fugedi submitted no summary judgment evidence to controvert that proof. When Wyatt, the second whistleblower, came forward with the audiotapes after this Court's Judgment, Steadfast filed its Motion to Dismiss and for Just Damages in the Fifth Circuit, including the audiotapes, and Fugedi, Counsel, Choudhri, and Kelley failed to submit any evidence controverting that proof or its authenticity or admissibility, essentially "pleading the fifth" due to the felonies which the tapes evidence and the investigations ongoing. The tapes are obviously Kelley and Choudhri speaking. The context is obviously not privileged. The recordings were obviously made with Wyatt present and at Choudhri's express direction (Wyatt's Declaration even included the texts from Choudhri ordering him to record the conversations), and the recordings were obtained and used legally. *See* Exhibits B, Wyatt Declarations, 122, and B Memorandum of Law. Both 2017 Yale and the Carb Pura Vida Trust were secretly owned by Kelley and Choudhri, solely to perpetrate fraud. Exhibits

B(a-c), G. No one ever signed the trust agreement because the 190th busted this scam and Alvarez backed out, realizing he had been defrauded again.  Exhibits 86(j), 86(r), 102, G.

16.     With Kelley owning or controlling the settlor, beneficiary, and Trustee, all for his own fraudulent purposes, the trust merged as a matter of law, and is gone. Texas Property Code § 112.034.  If legal and equitable interests are held by the same person, a trust does not exist, and the beneficiary holds the property as his own. *Id*.  Bottom line, Plaintiff is not a trustee as a matter of law, and there is no Carb Pura Vida Trust.  Since Fugedi's fraud on this Court is also the same fraud which divests jurisdiction, then the fraud must also support Steadfast's relief requested relief under the Court's inherent Powers as set forth in that concurrent Motion.

### III.
### A FAKE TRUSTEE LACKS STANDING

17.     Standing to sue is a threshold requirement in every federal action." *Sicom Sys., Ltd. v. Agilent Techs., Inc*., 427 F.3d 971, 975 (9th. Cir. 2005).   "Standing under Article III of the Constitution requires that an injury be concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, (2010).  Fugedi never paid anything.  He never had a real interest. He can't ever have any damages and can never claim any interest in the Property, and he has nothing to redress.  In addition to this "constitutional" standing requirement, a party must also show that it has "prudential" standing, which "encompasses the general prohibition on a litigant's raising another person's legal rights..." *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12, (2004) (citing *Allen v. Wright*, 468 U.S. 737,

751, (1984)). As Kelley said, Parker's fake status as 2017's fake owner is critical to these claims, without him they are worthless, *supra*. The same is true of Fugedi's fake claims. This is why the Fugedi and his lawyers concealed the true facts from this Court.

18. A party must have standing at the time the complaint was filed in order to sue. *Pluet v. Frasier*, 355 F.3d 381, 385–86 (5th Cir.2004); *Soc'y of Separationists, Inc. v. Herman*, 959 F.2d 1283, 1288 (5th Cir.1992); *see also Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 830, (1989) ("The existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed."); *Hansen v. Harper Excavating, Inc.*, 641 F.3d 1216, 1223–24 (10th Cir.2011). Fugedi is just a friend of Lloyd Kelley's who happened to live in a diverse state, whom Kelley bribed with $5,000 to pretend to be a trustee of a trust that never existed, and never paid anything for the Property. There is no standing.

19. Incredibly, fabricating fake sham parties is not isolated misconduct for Kelley, Choudhri and at least some of these attorneys. A recent arbitration award demonstrates the same pattern of fraud by the same players. Exhibit 184:

"*Choudhri engaged in numerous tactics designed to improperly delay and obstruct…*" "*Choudhri repeatedly lied under oath and changed his positions and testimony as necessary to suit his personal needs and without regard to the truth. Choudhri caused multiple documents to be fabricated after the fact, and Choudhri unlawfully withheld evidence to protect himself and to hide his wrongful conduct.*" *Id*.

"*Choudhri intentionally hid his involvement in [the sham lienholder] and the foreclosure process, and the Panel finds that his conduct was wrongful and improper. Choudhri tried to cover up his wrongful conduct after the fact, including by intentionally withholding and secreting evidence..*" *Id*.

"*Choudhri hid his true ownership of [another sham lienholder entity] with his CFO, Brad Parker, as the front man.*" *Id*. "*Choudhri owned and controlled both entities to the agreements.*" *Id*.

"*Later, third parties produced documents revealing that Choudhri was the true owner of [the sham company]* and he had installed Zaheer, his alleged girlfriend, as the "front" to hide his ownership and involvement in [the sham company] conducting the foreclosure and *taking the Property away from [the legitimate owner]*." Id.

"*Choudhri planned and orchestrated a plan to cause [his secretly owned company] to purchase [liens] from [a legitimate party], to put [his target for the fraud holding a subordinate lien] into a non-monetary default when it was not really in default, to falsely inflate the amount of the Note, and to conduct a wrongful foreclosure of the Property…with the purpose and intent to deprive [legitimate owners] of the Property and any lien on the Property, … for the sole benefit of Choudhri.*" Id.

Quoting yet another recent Order, in yet another case involving these players:

"*The documents and purported agreements asserted [by] Mr. Ali Chaudry [Choudhri]…are invalid, probably fraudulent….*" *[Choudhri and conspirators] are attempting to orchestrate an improper transfer of Grove Enterprises, LLC…in violation of…the recorded secured lien of [its lender]…*" [just like their fraudulent transfer of the borrower to Kelley and the collateral to Fugedi] <u>Exhibit 194</u>.

22.     A plaintiff in a quiet title claim must prove that (1) he has an interest in a specific property, (2) title to the property is affected by a claim by the defendant or defendants, and (3) the claim, by defendants is invalid or unenforceable. *Bell v. Bank of Am. Home Loan Servicing LP*, No.4:11–CV–02085, 2012WL568755, at 7 (S.D.Tex.2012). In a quiet title action, a plaintiff can only recover on the strength of his own title, not the weakness of any other. *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex.App.—Corpus Christi 2001, no pet.). Even before the whistleblower evidence, Fugedi failed to meet any of these elements; even if he had been a bona fide purchaser, he was still subject to Steadfast's valid first lien and judgment.  He never paid any of that, or anything for the Property.  There is no interest. He would still have lost his title to Steadfast through the foreclosure which both this Court and the 190th properly allowed back in 2019.  Fugedi never proved a single element of a bona fide purchase.  Fugedi never proved that he didn't know of Steadfast's valid prior

first lien;  he did know.  Avoiding that lien by fraud was the sole purpose for the conveyance.  Fugedi never proved that Steadfast's lien was released;  it could never be released by anyone other than Steadfast, as a matter of the most basic title law.  Steadfast never released it and kept the original note.  The lien follows that note.  Fugedi never proved the trust was formed.  He never proved that it had any real interest.  Now the whistleblowers have proven why he engaged in this fraud and frivolous suit.  This is likely the most egregious and clearly proven fraud on the Court in the history of this tribunal. It is time for justice to be done.  Steadfast is in need of urgent clearing of this cloud on title.

**PRAYER**

FOR THESE REASONS, Defendants/Counter-Plaintiffs Steadfast Parties respectfully request that the Court immediately Dismiss Fugedi's Claims and Defenses with Prejudice under its inherent power and for lack of standing and jurisdiction of Plaintiff; that the Court award Steadfast all of its attorney's fees against Fugedi and all Counsel under such power; and for such other and further relief, in law and equity, to which Steadfast is entitled.

Respectfully submitted,

*/s/ Christopher B. Ramey*
Christopher B. Ramey
SBN: 00791480
FBN:  2506
THE RB LEGAL GROUP, PLLC
215 S. 4th Street
Wallis, TX 77485
Telephone:  713/974-1333
Facsimile:  713/ 974-5333
ramey@rblegalgroup.com
notice@rblegalgroup.com

**ATTORNEY FOR DEFENDANTS/
COUNTER PLAINTIFFS**

**DESIGNATED E-SERVICE EMAIL ADDRESS**
**The following is the undersigned attorney's designated e-service email address for all eserved documents and notices, filed and unfiled, pursuant to TEX. R. CIV. P. 21(f)(2) & 21(a) and FED. R. CIV. P. 5:** NOTICE@RBLEGALGROUP.COM**. This is the undersigned's only e-service email address, and service through any other email address will be considered invalid.**

14

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of October, 2022, in accordance with the Federal Rules of Civil Procedure a true and correct copy of the foregoing instrument was served by e-filing and/or facsimile to the following counsel of record:

J. Marcus Hill
Hill & Hill, PC
1170 St. James Place, Ste. 115
Houston, TX 77056
marc@hillpclaw.com

Michelle M. Fraga,
Fraga Law Office
2499 Judiway #4306
Houston, TX 77018
michelle@fragalawoffice.com

James Pierce
115 Guenther Street
Sugar Land, Texas 77478
jim@jamespierce.com

Johnie J. Patterson, II
Miriam Goott
Walker & Patterson, PC
P.O. Box 61301
Houston, TX 77208-1301
jjp@walkerandpatterson.com
mgoott@walkerandpatterson.com

/s/ Christopher B. Ramey
Christopher B. Ramey

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| NICHOLAS FUGEDI IN HIS CAPACITY AS TRUSTEE CARB PURA VIDA TRUST<br>    Plaintiff | §<br>§<br>§<br>§<br>§ | |
| vs. | § | CIVIL ACTION NO. 3:19-cv-00249 |
| | § | |
| UNITED RENTALS (NORTH AMERICA) INC., ET AL.<br>    Defendants | §<br>§<br>§ | JURY REQUESTED |

**Declaration Pursuant to C.P.R.C. 132.001, T.R.C.P. 93,  F.R.C.P. 56 and otherwise**

| | |
|---|---|
| STATE OF TEXAS | } |
| COUNTY OF COLLIN | } |

My name is Carl Marcus Sherrin, Jr., my date of birth is September 9, 1978, and my address is 1025 Scarlett Drive, Lucas, Texas 75002.  I am a Defendant in the above styled case and I am over the age of 18 years, of sound mind and otherwise competent to make this declaration, and have never been convicted of a felony or a crime of moral turpitude.

I am the Managing Member of Steadfast Funding, LLC, which is the Loan Servicer for all Steadfast Parties as defined in Defendants/Counter Plaintiffs' Pleadings and Motions.  No one other than Steadfast Parties owns any interest in the Property since our foreclosure, and everyone in the Substitute Trustees deed is a Steadfast Party.  I am personally familiar with the status, ownership, and possession of the Property and have worked with the Property nearly every day since 2016.  There has never been any gap, abandonment, or time in which Steadfast Funding was not under my personal supervision either as a lender, litigant and owner, foreclosing party, and owner, since 2016.  Steadfast Funding, LLC and other lenders foreclosed on the Property prior to Plaintiff's filing of suit.   I am also an officer of 829 Yale Holdings, Inc., d/b/a Steadfast 829 Holdings, Inc.

I have reviewed Steadfasts' Motion to which this declaration is attached, and the recitation of facts contained therein, which are required to be verified under the Rules of Civil Procedure, are all true and correct, and based upon my personal knowledge; copies

of any and all Exhibits attached are true and correct copies of the originals.

  I declare under penalty of perjury under the laws of the United States of America and the State referenced above that the foregoing is true and correct.

  Executed in Collin County, State of Texas, on the 6th day of October, 2022.

_____

Carl Marcus Sherrin, Jr., Declarant